RECEIVED

MAR 3 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JODY MECHE, Individually and o/b/o Brennan and Brycee Meche | CIVIL ACTION NO. 05-0385 |
| TRACY MECHE, Individually and o/b/o Brennan and Brycee Meche | JUDGE DOHERTY |
| VS. | MAGISTRATE JUDGE METHVIN |
| GLENN RICHARD | |

## RULING ON PLAINTIFFS' MOTION TO COMPEL
*(Rec. Doc. 40)*

Before the court is the motion to compel responses to requests for production of documents and for attorneys' fees filed by plaintiffs Jody and Tracy Meche ("plaintiffs") on March 13, 2006.[1] The motion is opposed by defendant Glenn Richard ("Richard").[2] For the following reasons, the motion is **GRANTED**.

### *Factual and Procedural Background*

This admiralty action was brought by Jody and Tracy Meche, individually and on behalf of their two minor children. Plaintiffs allege that on February 5, 2005, defendant Glenn Richard shot at Jody Meche while he was "frogging" with his two children on Rycade Lake in St. Martin Parish. Related litigation is pending in the 16th Judicial District Court where defendant's hunting club, The Bayou LaRompe Hunting Club, LLC, is seeking to enjoin plaintiff and his family from entering its lease.

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 46.

On August 17, 2005, plaintiffs propounded Requests for Production of Documents on Richard. On November 21, 2005, Richard file a motion for protective order, objecting to plaintiffs' requests for production of documents on grounds that they sought confidential information not relevant to the claims in the lawsuit.[3] Specifically, Richard objected to producing the following documents: (1) copy of all tax returns for the past five (5) years; (2) copy of any and all financial statements prepared for the past five (5) years; (3) copy of all W-2 Forms for the past five (5) years; (4) copy of any and all financial statements prepared for the past five (5) years and utilized in conjunction with any loan applications; and (5) copy of any and all documents which would reflect defendant's overall gross income for the past five (5) years.[4] At a telephone conference with the undersigned magistrate judge on December 7, 2006, Richard's counsel argued that general maritime law does not apply in this case, and therefore, punitive damages are not available and the requested discovery is irrelevant. Nevertheless, the undersigned noted that in denying defendant's previously-filed motion to dismiss and subsequent motion for certification of that order as appealable, Judge Doherty ruled, "that, under the facts of this case, there is no substantial ground for difference of opinion that the plaintiffs' claims are admiralty in nature."[5] Thus, the undersigned concluded that the requests seek relevant information and should be produced under a confidentiality order to be executed by the parties.[6] Richard appealed the undersigned's ruling to the district judge. On December 9, 2006, the

---

[3] Rec. Doc. 25.

[4] Plaintiffs' Requests for Production Nos. 1-5.

[5] See Order Denying Defendant's Rule 12(b) Motion to Dismiss, Rec. Doc. 13, and Memorandum Order Denying Motion to Designate Order as Appealable, Rec. Doc. 24.

[6] Rec. Doc. 34.

district judge affirmed the undersigned's ruling, thereby ordering that the documents be produced.[7]

## *Law and Discussion*

In the instant motion, plaintiffs allege that Richard still has not produced the requested documents. In his opposition brief, Richard acknowledges that he is under a court order to produce the documents, but he argues that he has filed a motion for summary judgment on the issue of whether maritime jurisdiction exists in this case and that he should not be required to produce the documents until after the motion for summary judgment is resolved.[8] Specifically, Richard alleges that Mr. Meche's own deposition testimony establishes that Rycade Lake is not a navigable waterway and is not capable of supporting maritime commerce.

Richard's argument is without merit. First, the undersigned notes that the district judge has already ruled that "there is no substantial ground for difference of opinion that the plaintiffs' claims are admiralty in nature." Furthermore, the undersigned has ruled, and the district judge has concurred, that the requested documents, including the financial records requested, are relevant and should be produced. Finally, the undersigned ordered that the documents be produced subject to a confidentiality agreement to be executed by the parties, thereby protecting Richard from dissemination of any confidential information to third parties. Thus, there is no prejudice to Richard in producing the documents, even in the event that the court grants his motion for summary judgment. Finally, considering that Richard has failed to obey the orders of both the undersigned and the district judge in this case, the undersigned concludes that plaintiffs

---

[7] Rec. Doc. 33.

[8] See Defendant's Motion for Summary Judgment, Rec. Doc. 38.

are entitled to attorneys' fees.

Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel responses to request for production of documents and for attorneys' fees (Rec. Doc. 40) is **GRANTED**. Defendant Glenn Richard shall produce the requested documents *within ten days of the date of this order. Glenn Richard is hereby notified that failure to comply with this order may result in the imposition of sanctions authorized by F.R.Civ.P. 16(f) and F.R.Civ.P. 37(b)(2)(C), including the possible entry of a default judgment against him.*

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(4), Richard shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the extant motion to compel. Counsel for the plaintiffs shall file a motion for attorneys' fees, as well as an affidavit of fees and costs, into the record *on or before April 12, 2006* in order to assist the court in the assessment of a reasonable fees and costs award. The affidavit(s) shall contain: (1) The customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred. Failure to file the affidavit in the form required and/or within the deadline imposed will render the award null and void. *Objections to the affidavit shall be filed on or before April 19, 2006.*

The Clerk of Court shall notice any motion for attorneys' fees filed for consideration on the undersigned's May 2006 motion calendar as a "motion for Rule 37(a)(4) fees and expenses."

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on March 30th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE: 3-30-06
BY: obl
TO: MEM
Via fax: Joy III
Schoeffler
Stewart
Texada