RECEIVED
FEB 0 8 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JODY MECHE, *Individually and o/b/o Brennan and Brycee Meche* <br> TRACY MECHE, *Individually and o/b/o Brennan and Brycee Meche* <br><br> VS. <br><br> GLENN RICHARD | CIVIL ACTION NO. 05-0385 <br><br> JUDGE DOHERTY <br><br> MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION TO ASSESS EXPERT WITNESS FEES
*(Rec. Doc. 116)*

Before the court is the motion to assess expert witness fees filed by plaintiffs Jody and Tracy Meche on November 15, 2006.[1] Plaintiffs seek to recover approximately $3,000.00 in expert witness fees for two experts who testified at an evidentiary hearing before the district judge in October 2006. The motion is opposed by defendant Glenn Richard.[2] For the following reasons, the motion is **DENIED**.

*Factual and Procedural Background*

This admiralty action was brought by Jody and Tracy Meche, individually and on behalf of their two minor children. Plaintiffs allege that on February 5, 2005, defendant Glenn Richard shot at Jody Meche while he was "frogging" with his two children on Rycade Lake in St. Martin Parish. Related litigation is pending in the 16th Judicial District Court where defendant's hunting club, The Bayou LaRompe Hunting Club, LLC, is seeking to enjoin plaintiff and his family from

---

[1] Rec. Doc. 116. This motion was originally referred to the district judge, who referred it to the undersigned magistrate judge for ruling on January 9, 2007. SeeRec. Doc. 119.

[2] Rec. Doc. 118.

entering its lease.

Because plaintiffs and defendants are residents of the State of Louisiana, diversity jurisdiction does not exist in this case. In their complaint, plaintiffs assert admiralty jurisdiction, claiming that Rycade Lake is a navigable waterway, being accessible by boat through the Whiskey Bay Pilot Channel. On August 9, 2006, defendant filed a motion to dismiss for lack of jurisdiction, asserting that Rycade Lake is not a navigable waterway, and that the case should be dismissed because this court does not have jurisdiction.[3] The district judge conducted an evidentiary hearing on the issue, commencing on October 23, 2006 and ending on November 2, 2006.

Plaintiffs called two expert witnesses at the evidentiary hearing to support their claim that Rycade Lake is a navigable waterway. Dr. George Paul Kemp, an expert in hydrology and sedimentology, testified on October 25, 2006. Michael G. Bienvenu, an expert on commercial crawfishing, testified on October 26, 2005. On November 3, 2006, the district judge ruled that Rycade Lake is a navigable waterway.[4]

### *Motion for Expert Witness Fees*

The plaintiffs filed the instant motion seeking recovery of the expert witness fees they paid Dr. Kemp and Mr. Bienvenu. Plaintiffs paid $2,000.00 to Dr. Kemp for his testimony,[5] and $1,000.00 to Mr. Bienvenu for his testimony. Plaintiffs cite no authority supporting their claim that they are entitled to recover these fees.

---

[3] Rec. Doc. 85.

[4] See Minutes of Court, Rec. Doc. 115.

[5] Plaintiffs assert that Dr. Kemp was awarded $2,000.00 for prior testimony given at a hearing on a petition for temporary restraining order in a state court action involving the same evidence submitted herein.

The law in the Fifth Circuit is clear that the fees of non-court-appointed expert witnesses are taxable by federal courts only in the amount specified by 28 U.S.C. §1821. See, e.g., Int'l Woodworkers of America v. Champion Int'l Corp., 790 F.2d 1174, 1181 (5th Cir. 1986); Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993) (expert fees are not recoverable under 18 U.S.C. §§1821 and 1920); J.T. Gibbons, Inc. v. Crawford Fitting Co., 760 F.2d 613, 616-17 (5th Cir. 1985) (noting that court is bound by Fifth Circuit precedent to hold that courts have no authority outside 28 U.S.C. §1821 to award as costs expert witness fees); Baum v. United States, 432 F.2d 85, 85 (5th Cir. 1970) ("[W]e have categorically determined that expert witness fees are not taxable under 28 U.S.C.A. 1821.... [t]his is the rule for private litigants.").

Section 1821(b) states that witnesses may be paid no more than $40 per day, plus mileage and subsistence, to wit:

> **(b)** A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. §1821(b). As the court stated in Ezelle v. Bauer Corp., 154 F.R.D. 149, 153 (S.D.Miss.1994):

> Title 28 U.S.C. § 1821 expressly authorizes the payment of a witness fee of $40.00 per day for court attendance, plus subsistence and the normal costs of travel. The statutory limit placed on witness fees by § 1821 may be exceeded and other compensation may be paid in accordance with § 1920 only when a witness is court-appointed. *Accordingly, a party may not recover more than the above statutory designations for its own expert witnesses where the expert is not court-appointed. Salinas v. Rodriguez,* 963 F.2d 791, 795 (5th Cir.1992), citing *Crawford Fitting Company v. J.T. Gibbons, Inc.*

(emphasis added).

Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion to assess expert witness fees is **DENIED**.

Signed at Lafayette, Louisiana on February 8, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)