**RECEIVED**

AUG - 3 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

JODY MECHE, ET AL                          CIVIL ACTION NO. 05-0385

VERSUS                                     JUDGE DOHERTY

GLENN RICHARD                              MAGISTRATE JUDGE METHVIN

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is a Motion for Summary Judgment [Doc. 135], filed by defendant, Glenn Richard. The motion is opposed by plaintiffs, Jody Meche, and Tracy Meche, individually and on behalf of their children, Bryce Meche and Brennan Meche (collectively, "plaintiffs").[1] For the following reasons, the Motion for Summary Judgment is DENIED.

## BACKGROUND

On March 2, 2005, plaintiffs filed a complaint [Doc. 1] alleging that, on or about February 5, 2005, they were "frogging" in a twenty foot boat powered by an eighty-eight horsepower outboard motor in Lake Rycade, a body of water that is "navigable in fact." Plaintiffs, in their petition, indicate on the date of the alleged tort, they accessed the lake from the Whiskey Bay Pilot Channel, and were looking for frogs after dark when they heard a rifle shot and observed a bullet strike the water near the boat in which they were riding. Plaintiff, Jody Meche, alleged he observed the location of the shooter and then called his wife to tell her he was under fire. Meche claims he ordered his two sons to get down and began yelling at the shooter to cease fire. Plaintiffs allege they

---

[1] The interests of the , Jody Meche, and Tracy Meche, individually and on behalf of their children, Bryce Meche and Brennan Meche are in alignment.

1

approached the location of the shooter, where they came upon defendant, who was holding a rifle. Plaintiffs claim they asked defendant why he was shooting at them, to which defendant responded plaintiffs "were on private property and he wanted them out of the lake."

On March 27, 2005, Richard filed an Answer denying the plaintiff's allegations. [Doc. 27]. On May 16, 2007, Richard filed the Motion for Summary Judgment, arguing plaintiffs may not recover for allegations due to alleged mental anguish arising out of the incident and citing jurisprudence suggesting recovery for mental anguish in the absence of any physical injury is precluded by Fifth Circuit jurisprudence. Likewise, Richard argues the Fifth Circuit has not recognized recovery in maritime matters under the "zone of danger" rule, relying on *Ainsworth v. Penrod Drilling Corp.*, 972 F.2d 546 (5th Cir. 1992), *Gough v. Natural Gas Pipeline Co. of America*, 996 F.2d 763, and *Briscoe v. Devall Towing & Boat Service of Hackberry, Inc.*, 799 F.Supp 39 (W.D.La. 1992). Richard attached a "Statement of Uncontested Facts" in which he states the following are not in dispute: (1) "plaintiffs only seek recovery of damages for emotional distress;" and (2) "plaintiffs did not suffer any physical harm or injury in the alleged incident sued upon."

On May 31, 2007, plaintiffs filed their opposition [Doc. 157], arguing the allegations in this matter involve "intentional" acts rather than allegations of "negligence," which was the hallmark of the matters relied on by Richard. Additionally, plaintiffs argue the United States Supreme Court has observed recovery is allowable under the "zone of danger" theory in "FELA" cases, relying on *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). Additionally, plaintiffs contend recovery for intentional infliction of emotional distress is possible under Louisiana State Law, which is not displaced by the exercise of admiralty jurisdiction, relying on various matters, including *Jerome B. Grubart, Inc.* v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995), *Yamaha Motor Corp., U.S.A.*

2

*v. Calhoun*, 516 U.S. 199 (1996), and *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991). Lastly, plaintiffs attached a "Response to Statement of Uncontested Facts" in which plaintiffs deny both of the statements Richard set forth in his statement "Statement of Uncontested Facts."

## LAW

### A.    Standard of Review

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Proc. 56(e).

"The moving party bears the burden of identifying an absence of evidence to support the nonmoving party's case." Capitol Indem. Corp. v. U.S., 452 F.3d 428, 430 (5th Cir. 2006). "Summary judgment is properly granted if the record does not contain appropriate summary judgment evidence which would sustain a finding in the nonmovant's favor on any issue as to which the nonmovant would bear the burden of proof at trial." Id. at 430-31. As noted by the Fifth Circuit:

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla'

of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

In evaluating the evidence provided in support of, and in opposition to, a Motion for Summary Judgment, "the court must view facts and inferences in the light most favorable to the party opposing the motion." Hunt v. Rapides Healthcare Sys. LLC, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party." Id. In evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir. 2001).

## DISCUSSION

Richard and the plaintiffs have submitted no affidavits or other evidence establishing an appropriate factual basis for this Court's consideration. That which has been presented to this Court simply indicates the parties cannot agree on any facts on which this Court may rely to issue an appropriate decision. Richard has denied plaintiffs' allegations, while plaintiffs denied his "Statement of Uncontested Facts." Without a proper factual basis to which this Court may apply the

4

relevant statutory and jurisprudential authority, this Court finds none of the parties in this matter have carried their burdens of proof, and the Motion for Summary Judgment [Doc. 135], filed by Richard must be and is hereby **DENIED**, for failure to carry the requisite burden of proof.

## CONCLUSION

In consideration of the foregoing, the Motion for Summary Judgment [Doc. 135], filed by Glen Richard, must be and is hereby **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 3 day of August, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE