

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JODY MECHE, ET AL | CIVIL ACTION NO. 05-0385 |
| VERSUS | JUDGE DOHERTY |
| GLENN RICHARD | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before the Court is the parties' Joint Motion to Certify Judgment [Doc. 169]. Plaintiffs and defendant jointly move this Court to certify this Court's ruling, rendered on February 26, 2007, as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or alternatively, pursuant to 28 U.S.C. §1292(b).

*Factual and Procedural Background*

On March 2, 2005, Jody and Tracy Meche filed the instant lawsuit, seeking damages against Glenn Richard, who they allege fired a shot at Jody Meche and his two minor sons while Meche and his sons were frogging on a body of water known as Lake Rycade. At the time of the alleged shooting, Richard was standing on the banks of that water body. In their complaint, plaintiffs invoke this court's admiralty jurisdiction.

On August 9, 2006, defendant filed a motion to dismiss for lack of jurisdiction [Doc. 85], contending Lake Rycade is not a navigable body of water, and therefore, defendant's actions lack the requisite nexus to traditional maritime activity. On February 26, 2007, following a lengthy evidentiary hearing, this Court found Lake Rycade to be a navigable body of water, and defendant's alleged actions to have a nexus to traditional maritime activity. Thus, the Court's finding is

determinative of jurisdiction.[1] The parties now jointly move the Court to designate the judgment of February 20, 2007 as a final judgment for purposes of appeal. [Doc. 169].

## *Law and Discussion*

Federal Rule of Civil Procedure 54(b) provides that the court direct the entry of a final judgment as to fewer than all the claims asserted by a party "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." A district court is to exercise its authority to certify claims for appeal under Rule 54(b) "in the sound interest of judicial administration," taking into account such factors as "whether the claims under review were severable from others remaining to be adjudicated and whether the nature of the claim to be determined that such no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980); *H&W Industries, Inc. V. Formosa Plastics Corporation, USA*, 860 F.2d 172 (5th Cir. 1988). In *Curtiss-Wright*, the Supreme Court rejected the argument that Rule 54(b) certification should occur only in the "infrequent harsh case" and held that certification may be granted whenever "sound judicial administration" requires. 446 U.S. at 9, 100 S.Ct. at 1466. Whether to certify a judgment as final is up to the discretion of the trial judge, which is not subject to second guessing by the court of appeal. *H&W Industries*, 860 F.2d at 175. Rule 54(b) reflects a balancing of two policies, i.e., avoiding the danger of hardship or injustice through a delay which could be alleviated by an immediate appeal and avoiding piecemeal appeals. *Eldredge v. Martin*

---

[1] The Court's Memorandum Ruling is set forth in Doc. 123. Additional Written Reasons for Ruling were filed by the Court on February 26, 2007. [Doc. 125]. The Court's Order denying defendant's motion to dismiss is located at Doc. 123. Defendant timely filed a Motion for Reconsideration, New Trial, and To Take Additional Evidence [Doc. 127]. This motion was denied on March 29, 2007 for reasons given within the ruling [Doc. 134] and not reiterated herein.

*Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000).

The disputed Judgment is determinative of the only basis for jurisdiction and should jurisdiction not be found to exist, the time, effort and expenditure of judicial resources and the resources of the parties will have been without purpose. Thus, to allow appellate determination of the question controlling jurisdiction is "patently in the interests of sound judicial administration." *Skinner v. W.T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981).

The facts to be reviewed on appeal are unique to the jurisdictional issue and are not relevant to the remaining issues of liability or damages. There is a fully developed factual record. *See Khactatrian v. Federal Election Com'n*, 980 F.2d 330 (5th Cir. 1992). The jurisdictional issues present unique questions of law which are ripe for determination by the court of appeal. Therefore, this Court finds the judgment of February 26, 2007 should be designated as a final judgment so as to allow immediate appeal.

Alternatively, the February 26, 2007 ruling should be certified as appealable as a final judgment pursuant to the provisions of 28 U.S.C. §1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

In the instant matter, this Court finds that the Court's February 26, 2007 ruling on the issue of subject matter jurisdiction "involves a controlling question of law as to which there is substantial ground for difference of opinion," inasmuch as the parties dispute the issue of whether this Court

has jurisdiction over the plaintiffs' claims in this case. Thus, this Court finds that an immediate appeal from the Court's February 26, 2007 ruling under 28 U.S.C. §1292(b) will materially advance the ultimate termination of the litigation.[2]

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of October, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Defendant moved for relief within ten days of the date of the Court's ruling [Doc. 127]; however, at that juncture the Court denied that motion [Doc. 134]. On March 13, 2007, defendant served its motion to designate the Court's ruling as appealable pursuant to 28 U.S.C 1292(b). [Doc. 130]. The Court denied the motion. [Doc. 146]. Defendant and plaintiffs have now jointly re-urged certification of the ruling as appealable under Rule 54(b), as well as §1292(b), and this Court, upon further consideration, agrees with the parties' positions.