RECEIVED
OCT 22 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JODY MECHE, ET AL | CIVIL ACTION NO. 05-0385 |
| VERSUS | JUDGE DOHERTY |
| GLENN RICHARD | MAGISTRATE JUDGE METHVIN |

## **CERTIFICATION OF JUDGMENT**

Before this Court is the parties' Joint Motion to Certify Judgment [Doc. 169]. Plaintiffs and defendant jointly move this Court to certify this Court's ruling, rendered on February 26, 2007,[1] in which the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction, as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or alternatively, pursuant to 28 U.S.C. §1292(b).

After consideration of the motion, this Court concludes that certification of the February 26, 2007 ruling as a final judgment is in the sound interest of judicial determination, as the issue of this Court's subject matter jurisdiction may be dispositive of the entire case. This Court specifically finds that it would not be judicially efficient to proceed to trial if the Court does not have subject matter jurisdiction over the claims raised herein. Should jurisprudence not be found to exist, the time, effort and expenditure of judicial resources and the resources of the parties will have been without purpose. Thus, to allow appellate determination of the question controlling jurisdiction is "patently in the interests of sound judicial administration." *Skinner v. W.T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981).

---

[1] The Court's Memorandum Ruling is set forth in Doc. 123. Additional Written Reasons for Ruling were filed by the Court on February 26, 2007. [Doc. 125]. The Court's Order denying defendant's motion to dismiss is located at Doc. 123. Defendant timely filed a Motion for Reconsideration, New Trial, and To Take Additional Evidence [Doc. 127]. This motion was denied on March 29, 2007 for reasons given within the ruling [Doc. 134] and not reiterated herein.

The Court further finds that there is no danger of piecemeal appeals presented by the circumstances of this case, and the issue of this Court's subject matter jurisdiction is separable from the claims that remain before the Court. Thus, no appellate court will have to decide the issue of this court's subject matter jurisdiction even if there are subsequent appeals in this case.[2] Finally, the Court finds that the issue of this Court's subject matter jurisdiction under the particular facts of this case present a novel issue that, once addressed by the appellate court, will have profound ramifications for the future of the waterway in question.

Considering the foregoing, there is no just reason for delay of the entry of a final judgment on the issue of this Court's subject matter jurisdiction pursuant to Rule 54(b).

Alternatively, the Court orders that the February 26, 2007 ruling be certified as appealable as a final judgment pursuant to the provisions of 28 U.S.C. §1292(b), inasmuch as the Court's February 26, 2007 ruling on the issue of subject matter jurisdiction "involves a controlling question of law as to which there is substantial ground for difference of opinion." Thus, this Court finds that an immediate appeal from the Court's February 26, 2007 ruling under 28 U.S.C. §1292(b) will materially advance the ultimate termination of the litigation.

## CONCLUSION

In consideration of the foregoing,

It is ORDERED that the Court's ruling of February 26, 2007 [Doc. 123, 124, 125] is hereby certified as a final judgment pursuant to the provisions of Rule 54(b) of the Federal Rules of Civil Procedure.

---

[2] *See, e.g., H & W Industries v. Formosa Plastics, Corp.*, 860 F.2d 172 (5th Cir. 1988) ("a district court is to exercise its authority to certify claims for appeal under 54(b) 'in the sounds interest of judicial administration,' taking into account such factors as 'whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that an appellate court would have to decide the same issues more than once even if there were subsequent appeals.'").

Alternatively, it is ORDERED that the Court's February 26, 2007 ruling be certified as appealable as a final judgment pursuant to the provisions of 28 U.S.C. §1292(b).

THUS DONE AND SIGNED in Lafayette, Louisiana, this __22__ day of October, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE